UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DZ BANK AG DEUTSCHE ZENTRAL-
GENOSSENSCHAFTSBANK, FRANKFURT AM
MAIN, NEW YORK BRANCH,

               Plaintiff,

v.                           Case No. 8:09-cv-1218-T-33MAP

SANDRA K. GARDNER INSURANCE,
INC., SANDRA K. GARDNER,
individually, and ROBERT C.
GARDNER, individually,

               Defendants.
_____/

## **ORDER**

This cause is before the Court pursuant to the Motion for
Default Judgment (Doc. # 16), filed by Plaintiff, DZ Bank Ag
Deutsche Zentral-Genossenschaftsbank, Frankfurt Am Main, New
York Branch, on December 22, 2009. Plaintiff requests that
this Court enter a default judgment against Defendants for
$121,252.37, plus $14,770.31 in interest as well as attorneys'
fees and costs. Defendants, Sandra K. Gardner Insurance,
Inc., Sandra K. Gardner, and Robert C. Gardner, did not file
an answer to the complaint and the clerk entered a Rule 55(a),
Fed.R.Civ.P., default against each Defendant on October 14,
2009. (Doc. ## 13-15).

On January 20, 2010, Defendants Sandra K. Gardner and Robert C. Gardner filed a pro se document alleging lack of proper notice and fraud. (Doc. # 17). Defendants' pro se submission is procedurally improper. It is neither an answer to the complaint nor a motion to set aside the Rule 55(a), Fed.R.Civ.P., clerk's default entered against each Defendant. Nevertheless, on February 8, 2010, in an abundance of caution and fairness to Defendants, the Court set a hearing on this matter to give Defendants an opportunity to explain their contentions in open Court.

The hearing took place before the Undersigned District Judge on February 19, 2010. Pro se Defendants Sandra K. Gardner and Robert C. Gardner appeared before the Court as did counsel for Plaintiff. After hearing from the parties, the Court determines that it is appropriate to set aside the clerk's defaults pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

The Eleventh Circuit has made it clear that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). In determining whether to set aside a clerk's entry of default, courts generally consider the following factors: (1) whether the default is

culpable or willful; (2) whether setting aside default would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. <u>Compania Interamerica Export-Import, S.A. v. Compania Dominicana De Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996). Additional factors include: (4) whether the public interest is implicated; (5) whether the defaulting party will experience significant financial loss; and (6) whether the defaulting party acted promptly to correct default. <u>See</u> <u>Global Aerospace, Inc. v. Platinum Jet Management, LLC</u>, 2010 U.S. Dist. LEXIS 12700 (S.D. Fla. Jan. 28, 2010). For the reasons stated at the hearing, particularly that pro se Defendants did not understand the procedures necessary to respond to the complaint, pro se Defendants Sandra K. Gardner and Robert C. Gardner demonstrated good cause to set aside the defaults.

Pro se Defendants Sandra K. Gardner and Robert C. Gardner have until and including March 1, 2010, at 5:00 p.m. to respond to the complaint. No extensions of time will be granted. They have the option of responding to the complaint with the assistance of counsel or pro se. If pro se Defendants' response to the complaint is not timely filed, the pro se Defendants will, once again, be in default.

Corporate Defendant Sandra K. Gardner Insurance, Inc. does not have the option of filing a pro se response to the complaint. Corporate defendants cannot appear pro se, and must have counsel pursuant to Local Rule 2.03(e), M.D. Fla. See also Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). If a notice of appearance of counsel is not filed on behalf of Defendant Sandra K. Gardner Insurance, Inc. by March 1, 2010, at 5:00 p.m., Defendant Sandra K. Gardner Insurance, Inc. will be in default. In addition, Defendant Sandra K. Gardner Insurance, Inc. must respond to the complaint, through counsel, by March 1, 2010, at 5:00 p.m.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Default Judgment (Doc. # 16) is **DENIED WITHOUT PREJUDICE.**

(2) The Clerk's defaults against Defendants (Doc. ## 13, 14, 15) are **SET ASIDE** pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

(3) Defendants must respond to the complaint by March 1, 2010, at 5:00 p.m. Corporate Defendant Sandra K. Gardner

Insurance, Inc. must hire an attorney and respond to the complaint by March 1, 2010.

(4) No extensions of time will be granted.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of February 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:

All Counsel and Parties of Record